## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-25-139-D |
| | ) | |
| BRYAN JOSHUA TEWANEMA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the United States' Rule 404(b) Notice [Doc. No. 17]. Defendant filed a response [Doc. No. 24]. The matter is fully briefed and at issue.

## BACKGROUND

Defendant was charged in a two-count Indictment [Doc. No. 1] with assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3), 1153, and 7(3) (Count 1); and possession of a prohibited object, in violation of 18 U.S.C. § 1791(a)(2) (Count 2). It is alleged that, on March 31, 2025, while a federal inmate at the Grady County Jail, Defendant assaulted N.H. with a dangerous weapon, with intent to do bodily harm, by stabbing N.H. with a sharpened object. It is further alleged that Defendant knowingly possessed a prohibited object as defined by 18 U.S.C. § 1791(d)(1)(B), specifically a weapon and a sharpened object designed and intended to be used as a weapon.

Defendant also awaits sentencing before this Court in Case No. CR-24-276-D. In that case, it was alleged that Defendant—while an inmate at the Federal Transfer Center in Oklahoma City—possessed a sharpened piece of plastic, which constitutes a prohibited

1

object under 18 U.S.C. § 1791(d)(1)(B) [Case No. CR-24-276-D, Doc. No. 1]. In December of 2024, this Court held a jury trial, and Defendant was convicted of possession of a prohibited object, in violation of 18 U.S.C. § 1791(a)(2) [Case No. CR-24-276-D, Doc. No. 35].

In its 404(b) notice, the government seeks a pretrial ruling on the admissibility of evidence related to Defendant's 2024 conviction for possession of a prohibited object. Defendant asserts that admitting evidence of Defendant's 2024 conviction would be improper under FED. R. EVID. 404(b).

## DISCUSSION

### I.    Rule 404(b)

Under Rule 404(b) of the Federal Rules of Evidence, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). It may, however, be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). "The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686 (1988). In determining whether evidence is admissible under Rule 404(b), courts address the following four factors:

> (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403;

and (4) the court must give a proper limiting instruction, if it is requested by the defendant.

*United States v. Moran*, 503 F.3d 1135, 1143-44 (10th Cir. 2007) (citing *Huddleston*, 485 U.S. at 691-92).

### a.    Proper Purpose

"Evidence is admitted for a proper purpose if allowed for one or more of the enumerated purposes in Rule 404(b)." *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006). "[I]f the other act evidence is relevant and tends to prove a material fact other than the defendant's criminal disposition, it is offered for a proper purpose under Rule 404(b) and may be excluded only under Rule 403." *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001).

Here, the government seeks to introduce evidence of Defendant's 2024 conviction for possession of a prohibited object to prove Defendant's intent, knowledge, lack of mistake, and lack of accident related to the subsequent possession of a prohibited object charged in this case. The government contends that Defendant's 2024 conviction shows that "Defendant knew his specific conduct in this case was prohibited and that he intended to possess the weapons." [Doc. No. 17, at 4]. Defendant argues that the government is offering evidence related to Defendant's 2024 conviction to excite the passions of the jury and "plac[e] in the jurors' minds that if [Defendant] did it before that he must have done it again." [Doc. No. 24, at 2].

Upon consideration, the Court finds that the government has sufficiently shown that it offers the evidence of Defendant's 2024 conviction not to display his criminal disposition,

but rather to show that the charged offense in this case was not unknowing or accidental. Accordingly, the Court finds that evidence of the 2024 conviction is being offered for a proper purpose.

### b.    Relevance

The Tenth Circuit has "recognized the probative value of uncharged acts to show motive, intent, and knowledge … as long as the uncharged acts are similar to the charged crime and sufficiently close in time." *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000). "The more similar the act or state of mind is to the charged crime, the more relevant it becomes." *Zamora*, 222 F.3d at 762.

Here, Defendant's 2024 conviction for possession of a prohibited object is highly relevant to Defendant's intent and knowledge surrounding the present charge of possession of a prohibited object (Count 2). First, the circumstances of Defendant's 2024 conviction are nearly identical to the charged conduct for Count 2 in this case. On May 29, 2024, a broken piece of plexiglass was found in Defendant's prison cell and a sharpened piece of plexiglass was found in Defendant's right pant leg, tucked into his sock. In this case, it is alleged that, on March 31, 2025, Defendant assaulted a fellow inmate by stabbing him with a sharpened piece of plastic. After a search of Defendant's person, officers allegedly discovered an additional weapon in Defendant's right pant leg, tucked into his sock. It is alleged that officers also found additional weapons inside Defendant's cell, all of which appeared to be sharpened objects. Significantly, Defendant's conduct resulting in his 2024 conviction occurred less than one year before the charged conduct for Count 2 in this case. For these reasons, the Court finds that the 2024 conviction for possession of a prohibited object is

relevant to show Defendant's intent, knowledge, lack of mistake, and lack of accident related to the charged conduct in this case.

### c.    Rule 403

The third factor dictates that the evidence's "probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403." *Moran*, 503 F.3d at 1143-44; *see also* FED. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Evidence is unfairly prejudicial when it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (citation omitted).

As stated above, Defendant's 2024 conviction is probative of Defendant's knowledge and intent to possess a prohibited object as charged in this case. In his response, Defendant argues that any probative value would be substantially outweighed by prejudicial effect. The Court disagrees. Although evidence of Defendant's 2024 conviction may be detrimental to Defendant's case, that does not mean it is unfairly prejudicial. *See Caraway*, 534 F.3d at 1301 ("Evidence is not unfairly prejudicial simply because it is damaging to [a party's] case."). Accordingly, the Court finds that the probative value of Defendant's 2024 conviction is not substantially outweighed by a danger of unfair prejudice.

####     d.     Limiting Instruction

The final factor requires the Court to give a limiting instruction if requested by Defendant. The government does not oppose a limiting instruction for any evidence admitted under Rule 404(b). Accordingly, the parties may submit proposed limiting instructions for the Court's consideration **no later than 12:00 p.m. on Monday, July 7, 2025.**

**CONCLUSION**

For these reasons, the Court finds that evidence of Defendant's 2024 conviction for possession of a prohibited object is admissible under Rule 404(b).

**IT IS SO ORDERED** this 3rd day of July, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

6