IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,           )
                                )
v.                              )      Case No. CR-25-139-D
                                )
BRYAN JOSHUA TEWANEMA,          )
                                )
            Defendant.           )

## ORDER

Before the Court is the United States' Motion in Limine Regarding Collateral and Irrelevant Matters Inviting Jury Nullification [Doc. No. 19]. Defendant filed a response [Doc. No. 23]. The matter is fully briefed and at issue.

## BACKGROUND

Defendant was charged in a two-count Indictment [Doc. No. 1] with assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3), 1153, and 7(3) (Count 1); and possession of a prohibited object, in violation of 18 U.S.C. § 1791(a)(2) (Count 2). It is alleged that, on March 31, 2025, while a federal inmate at the Grady County Jail, Defendant assaulted N.H. with a dangerous weapon, with intent to do bodily harm, by stabbing N.H. with a sharpened object. It is further alleged that Defendant knowingly possessed a prohibited object as defined by 18 U.S.C. § 1791(d)(1)(B), specifically a weapon and a sharpened object designed and intended to be used as a weapon.

Defendant is currently serving a 30-year prison sentence imposed by the United States District Court for the District of Arizona in Case No. 3:17-CR-08223-GMS-1. In

that case, Defendant pled guilty to one count of second-degree murder (Count 1) and one count of use and discharge of a firearm in relation to a crime of violence (Count 2). Defendant was sentenced to 235 months for Count 1, and 120 months for Count 2, to run consecutively. Defendant's projected release date is December 21, 2043.[1]

Defendant also awaits sentencing before this Court in Case No. CR-24-276-D. In that case, it was alleged that Defendant—while an inmate at the Federal Transfer Center in Oklahoma City—possessed a sharpened piece of plastic, which constitutes a prohibited object under 18 U.S.C. § 1791(d)(1)(B) [Case No. CR-24-276-D, Doc. No. 1]. In December of 2024, this Court held a jury trial, and Defendant was convicted of possession of a prohibited object, in violation of 18 U.S.C. § 1791(a)(2) [Case No. CR-24-276-D, Doc. No. 35].

In its motion in limine, the government seeks to preclude Defendant and defense counsel from suggesting that a conviction in this case would be unfair by: (1) referencing Defendant's 30-year sentence for his murder and use-of-firearm convictions or his pending sentencing for his 2024 conviction; or (2) suggesting that Defendant's charged conduct in this case was justified because incarceration is dangerous [Doc. No. 19, at 1].[2] The government is concerned that the foregoing references may be used to invite or suggest jury nullification.

---

[1] https://www.bop.gov/inmateloc/ (last accessed July 3, 2025).
[2] The government correctly notes that, during Defendant's trial in CR-24-276-D, defense counsel both referenced Defendant's lengthy prison sentence he was currently serving, and repeatedly implied that Defendant may have possessed a prohibited object for protection due to the dangers of imprisonment.

2

**DISCUSSION**

Motions in limine are not formally recognized under the Federal Rules; however, district courts have long recognized the potential utility of pretrial rulings under the courts' inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1218 (D. Kan. Apr. 10, 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

Although such pretrial rulings can save time and avoid interruptions at trial, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is 'inadmissible on all potential grounds' … and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Wilkins*, 487 F.Supp.2d at 1218-19 (citations omitted). Some in-limine rulings are preliminary in nature because the required balancing may be reassessed as the evidence is actually presented. Accordingly, a "district court 'may change its ruling at any time for whatever reason it deems appropriate.'" *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Pursuant to Rule 403, "[t]he court may exclude relevant evidence

if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

## I. Current 30-Year Sentence and Upcoming Sentencing in CR-24-276-D

The government seeks to exclude references to the fact that Defendant is currently serving a 30-year sentence and awaits sentencing for his conviction in CR-24-276-D. Defendant responds that "all evidence regarding the events of March 31, 2025 should be fair game for [Defendant] to inquire. These areas would naturally involve why [Defendant] was in the custody of the BOP[.]" [Doc. No. 23, at 1].

Tenth Circuit precedent is clear that "there is no right to jury nullification." *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999); *see also United States v. Valdivias*, Case No. 20-20054-02-DDC, 2024 WL 3936469, at *3 (D. Kan. Aug. 26, 2024) ("Applying binding Tenth Circuit and Supreme Court precedent, the defendant has no right to argue for jury nullification, to inform the jury of a guilty verdict's possible consequences, or to exclude the standard instruction against considering sentencing in jury deliberations. A jury plays no sentencing function, and it's often prejudicial to inform a jury of possible sentences.").

The Court cannot discern any probative value in informing the jury that Defendant is currently serving a 30-year (or "lengthy") sentence, that Defendant's projected release date is December of 2043, or that Defendant also faces an upcoming sentencing for his 2024 conviction. Apart from contending that all areas of Defendant's incarceration should be open to inquiry, Defendant does not explain how his lengthy prison sentence is relevant to the charged conduct in this case. Without any probative value, the Court suspects that the only

purpose of this information would be to invite jury nullification and invoke the jury's sense of sympathy or fairness. Although the fact that Defendant was incarcerated at the time of the charged conduct is relevant, the government's motion in limine will be **GRANTED** as to the length of Defendant's current sentence and Defendant's upcoming sentencing in CR-24-276-D.

## II.    Dangers of Incarceration

The government also seeks to exclude evidence or argument suggesting that Defendant's charged conduct was justified or necessary due to the dangerous nature of imprisonment. The government contends that such suggestions are improper because Defendant's *reasons* for allegedly assaulting N.H. and possessing a prohibited object are irrelevant to the elements of each crime. The government further asserts that referencing Defendant's need to protect himself given the dangers of confinement would also be excludable under FED. R. EVID. 403, as any probative value would be substantially outweighed by the dangers of confusing and misleading the jury.

In response, Defendant argues that "[b]eing incarcerated in the BOP is not a joyful place[,]" "[t]he BOP is loaded with prohibited objects[,]" and the government is merely trying to "attempt to make [Defendant] [out] to be the only bad person in the BOP." [Doc. No. 23, at 2]. Preliminarily, these statements seem to confirm that defense counsel plans on utilizing the dangerous nature of prison to at least imply to the jury that Defendant's conduct was justified or reasonable in the context of his incarceration. As noted by the government, however, Defendant's reasons for assaulting N.H. and possessing a prohibited object are not relevant to the elements of either charge, and Defendant does not argue in his response that

he is claiming self-defense or necessity. For these reasons, the Court agrees with the government that arguments or evidence related to the dangers of incarceration should be precluded as irrelevant under FED. R. EVID. 402.[3] The government's motion in limine will be **GRANTED** on this point.

**CONCLUSION**

IT IS THEREFORE ORDERED that the United States' Motion in Limine [Doc. No. 19] is **GRANTED** as set forth herein.

IT IS SO ORDERED this 3rd day of July, 2025.

_____

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[3] Even if there were minimal probative value as to the dangers of incarceration, the Court further finds that any probative value would be substantially outweighed by a danger of confusing the issues for the jury, and thus excludable under FED. R. EVID. 403.